[Cite as *State v. Brown*, 2014-Ohio-2442.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

TERRANCE D. BROWN

      Defendant-Appellant

Appellate Case No.    26002

Trial Court Case No.   2013-CR-634

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 6th day of June, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P.O. Box 291771, Kettering, Ohio 45429
      Attorney for Defendant-Appellant


TERRANCE D. BROWN, Inmate No. 695-394, 15708 McConnelsville Road, Caldwell, Ohio 43724
      Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-appellant Terrance D. Brown, appeals from the decision of the Montgomery County Court of Common Pleas revoking his community control sanctions and sentencing him to three years in prison.   Brown's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), wherein he recites that he has found no potential assignments of error with arguable merit.   Thereafter, on February 10, 2014, we notified Brown that his attorney was unable to find any meritorious claims to present for review.   We granted Brown leave to file a pro se brief within sixty days.   Brown did not file a brief.   After performing our duty under *Anders,* to review the record independently, we also find no meritorious issues for appeal.

{¶ 2}   On May 3, 2013, Brown pled guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(3), a felony of the first degree; one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; one count of petty theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree; and one count of identity fraud in violation of R.C. 2913.49(B)(1), a felony of the fifth degree.   Following his guilty plea, on June 12, 2013, the trial court sentenced Brown to community control sanctions for a period not to exceed five years.   One of the general conditions of community control supervision required Brown to attend and complete programming at the MonDay Community Correctional Institution ("MonDay").

{¶ 3}   On October 10, 2013, a notice of violation of community control was filed with the court.   The notice alleged that Brown had been terminated from MonDay for physically assaulting another resident.   The trial court held an evidentiary hearing on the matter and heard testimony from MonDay's assistant clinical manager, Brown's probation officer, and Brown

himself. The testimony revealed that Brown and another MonDay resident began physically fighting after the resident messed up Brown's bed. The resident put Brown in a headlock, which Brown escaped by grabbing the resident's genitals. After escaping from the headlock, Brown punched the resident in the face twice. Brown testified that he was merely acting in self-defense; however, he did not tell this to the MonDay staff during its investigation of the incident. In addition, the MonDay staff did not conclude that Brown's actions were limited to self-defense.

{¶ 4}  After the evidentiary hearing, the trial court did not find Brown's self-defense argument credible and determined that he violated the conditions of his community control sanctions. Accordingly, the trial court revoked Brown's community control sanctions and sentenced him to three years in prison for aggravated robbery, twelve months in prison for each count of theft and identity fraud, and six-months in prison for petty theft. All of his sentences were ordered to run concurrently for a total prison term of three years.

{¶ 5}  Brown filed a notice of appeal from the trial court's decision revoking his community control and sentencing him to three years in prison. Thereafter, his appellate counsel filed an *Anders* brief indicating that there are no meritorious issues for appeal. Counsel did not raise any potential assignments of error for our review.

{¶ 6}  In *Anders* cases we are charged with conducting a thorough examination of the record to determine "whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are 'wholly frivolous.' * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." (Citation omitted.) *State v.*

*Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7. An appeal is frivolous if it "presents issues lacking in arguable merit. * * * An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Citation omitted.) *Id*. at ¶ 8.

{¶ 7} Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the record and, having done so, we find no meritorious issues to present on appeal regarding the trial court's decision revoking Brown's community control and sentencing him to three years in prison. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
J. David Turner
Terrance D. Brown
Hon. Mary Katherine Huffman